Filed: 3/27/2023 11:18 AM
Michael Gould
District Clerk
Collin County, Texas
By Kathy Richardson Deputy
Envelope ID: 74033048

CAUSE NO. 471-05810-2022

| | | |
|---|---|---|
| **MARTIN MEREDITH,** | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **WILLIAM MITCHELL, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | § § § § | **471st JUDICIAL DISTRICT** |
| | § | |
| **Defendant.** | § | **COLLIN COUNTY, TEXAS** |

### PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Martin Meredith, hereinafter referred to as "Plaintiff" and files this First Amended Petition and Jury Demand complaining of William Mitchell ("Defendant Mitchell"), and states the following:

### A. Discovery Control Plan

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 3.

### B. Parties

2. Plaintiff Martin Meredith is a resident and citizen of Kaufman County, residing at 9145 CR 133, Kaufman, Texas 75142. The last three digits of Plaintiff's driver's license number are xxx833 and the last three digits of his social security number are xxx402.

3. Defendant William Mitchell is a resident and citizen of Collin County. An appearance has already been entered on behalf of Defendant Mitchell and, as such, service of process is not necessary.

4. Defendant State Farm Mutual Automobile Insurance Company is a duly incorporated insurance company, authorized to do business in, and is doing business, throughout the State of Texas. An appearance has already been entered on behalf of Defendant State Farm and, as such, service of process is not necessary.

### C. Jurisdiction

5. The court has jurisdiction over this cause because the amount in controversy exceeds this court's minimum jurisdictional requirements.

### D. Venue

6. Venue is proper in Collin County, Texas pursuant to §15.002(a)(2), Texas Civil Practices and Remedies Code, because the Defendant resides in Collin County.

### E. Facts

7. On April 14, 2022, at approximately 4:00 p.m., Plaintiff Martin Meredith was driving his vehicle northbound on U.S. 75 in Richardson, Texas when he brought his vehicle to a controlled stop for traffic ahead of him.

8. At the same time, Defendant William Mitchell was traveling northbound on U.S. 75 two cars behind Plaintiff. Defendant Mitchell failed to observe traffic come to a stop in front of him and crashed his vehicle into the vehicle in front of him, propelling that vehicle into Plaintiff's stopped vehicle.

9. Defendant William Mitchell has alleged that an unidentified "phantom" vehicle rear ended him, causing his vehicle to strike the vehicle preceding him, which ultimately rear-ended Plaintiff. The unidentified vehicle fled the scene, thereby constituting an Uninsured Motorist Claim.

10. In addition, Defendant Mitchell is underinsured as defined through Plaintiffs'

Insurance Policy with Defendant State Farm Automobile Insurance Company.

11. Defendant State Farm issued an insurance policy that provided coverage to Plaintiff for all damages incurred in a motor vehicle collision wherein damages are sustained in an amount in excess of the negligent party's liability insurance coverage (hereinafter referred to as "The Insurance Policy"), which was in full force and effect on April 14, 2022.

12. All damages incurred by Plaintiff were caused by the negligence of the underinsured driver, Defendant Mitchell.

13. Defendant State Farm has failed to make any offers after presentment of this claim.

**F. Causes of Action Against Underinsured Defendant William Mitchell**

*Negligence and Negligence Per Se*

14. Defendant William Mitchell was negligent in operating the vehicle in a manner that violated the duty to which he owed Plaintiff to exercise ordinary care in one or more of the following particulars:

    (a) Failure to control the speed of his vehicle;

    (b) Failure to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    (c) Failure to maintain proper attention to the roadway and give heed to his surroundings as a person of ordinary prudence would have kept under the same or similar circumstances;

    (d) Failure to maintain proper control of his vehicle;

    (e) Failure to timely apply the brakes on his vehicle to avoid the collision;

    (f) Operating his vehicle with willful or wanton disregard for the safety of other persons, which disregard was the result of conscious indifference to the rights, welfare and safety of those persons affected by it in violation of the

laws of the State of Texas, including TEX. TRANS. CODE ANN. **§545.401;**

(g) Failure to exercise that degree of ordinary care which a reasonable prudent person would have exercised in the same or similar circumstances;

(h) Failure to sound his horn as a warning;

(i) Failure to operate the motor vehicle at a speed that is reasonable and prudent under the circumstances and with regard to actual and potential hazards then existing and at a speed necessary to avoid colliding with any vehicle. TEX. TRANS. CODE ANN. **§545.351**; and/or

(j) Failure to maintain an assured clear distance between two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object or person on or near the highway, in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. **§545.062**.

15. Each of the foregoing acts and omissions, singularly or in combination with others, constituted negligence or negligence per se by Defendant William Mitchell and was a proximate cause of the occurrence in question and the serious and permanent injuries to Plaintiff for which Plaintiff is entitled to recover damages as hereinafter set forth.

### **G. Breach of Contract**

16. Having determined that Plaintiff timely and properly notified Defendant of the Crash and made a claim (hereinafter referred to as "The Claim"), Plaintiff fully and properly satisfied all conditions of The Insurance Policy. Nevertheless, Defendant failed to pay the benefits

owed under The Insurance Policy as it is contractually required to do.

17. Defendant further breached The Insurance Policy by failing to timely comply the provisions of The Insurance Policy which require and call for a prompt acknowledgment, investigation, evaluation and payment of The Claim.

18. The above referenced actions constitute breach of contract by Defendant, which proximately caused damages to Plaintiff.

### H. Petition for Declaratory Relief

19. Based on the foregoing facts and pursuant to the policies of insurance in force and effect between Plaintiff and Defendant State Farm Mutual Automobile Insurance at the time of the Crash, Plaintiff seeks declaration construing the contract of insurance and declaring Plaintiffs' rights to underinsured/uninsured motorist coverage, specifically, that Plaintiff is entitled to underinsured/uninsured benefits from the Crash. Additionally, Plaintiff seeks attorney fees under Chapter 37.

### I. Damages

20. As a result of the above-described acts of Defendant, Plaintiff has been severely and permanently damaged. Accordingly, Plaintiff is entitled to recover against Defendant for all such applicable damages under Texas law.

21. Plaintiff is entitled to recover the following items of damages, which are in an amount in excess of the minimal jurisdictional limits of this Court.

    (a) **Past and future medical expenses:** Plaintiff has paid and/or incurred reasonable and necessary health care and medical expenses that were caused by the incident in the past and will, in reasonable probability, sustain the same in the future.

(b) **Past and future physical pain:**  Plaintiff has sustained physical pain in the past and, in reasonable probability, will continue to sustain physical pain in the future.

(c) **Past and future mental anguish:**  Plaintiff has endured mental anguish in the past and will, in reasonable probability, endure mental anguish in the future.

(d) **Past and future physical impairment/loss of enjoyment of life:**  Plaintiff has sustained physical impairment/loss of enjoyment of life in the past and, in reasonable probability, will continue to sustain physical impairment/loss of enjoyment of life in the future.

(e) **Past and future disfigurement:**  Plaintiff has sustained disfigurement in the past and will, in reasonable probability, continue to sustain disfigurement in the future.

(f) **Past and future lost wages/loss of earning capacity:** Plaintiff has suffered a loss of earnings and/or sustained a loss of earning capacity in the past and will, in reasonable probability, sustain the same in the future.

### J.  Rule 47 Statement of Monetary Relief Sought

22.    Plaintiff prefers to have the trier of fact determine the fair amount of compensation for Plaintiff's damages, and it is too early in the case to assess the full nature and scope of Plaintiff's injuries.  Plaintiff places the decision regarding the amount of compensation to be awarded in the trier of fact's hands and seeks damages that are fair and reasonable.  Rule 47 of the Texas Rules of Civil Procedure, however, requires Plaintiff to provide a statement regarding the amount of monetary relief sought.  Accordingly, because the trier of fact should be awarded

absolute discretion over the damages and should not be required to keep its award within any caps, Plaintiff states that if the trier of fact believes the evidence supports it, Plaintiff seeks monetary relief in the category of damages – **monetary relief in an amount over $250,000.00 but not more than $1,000,000.00** – but in an amount to be determined by the trier of fact that could be more or less than the categories the legislature decided a party must choose.

### K.  Rule 193.7 Notice

23.     Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case.  All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

### L.  Jury Demand

24.     Plaintiff requests that this case be tried to a jury and has tendered the appropriate jury fee with the filing of this Petition.

### M. Designated E-Service E-Mail Address

25.     The following is the undersigned attorney's designated e-service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: legal@mytexasfirm.com.  This is the undersigned's only e-service e-mail address, and service through any other e-mail address will be considered invalid.

### N.  Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests judgment of the Court awarding the following, all in amounts in excess of the jurisdictional minimums of this Court:

   a.   Actual damages;

   b.   Pre- and Post-Judgment interest;

   c.   Costs of suit;

    d.    Reasonable and necessary attorney's fees; and

    e.    All other relief to which Plaintiff may show himself entitled.

Respectfully submitted,

/s/

**JASON K. BURRESS**
State Bar No. 24036292
**KYLE H. DREYER**
State Bar No. 06119500
**KYLE R. HEJL**
State Bar No. 24035578
**BRIAN MINCHER**
State Bar No. 24052669
**JOSH A. FLIPPIN**
State Bar No. 24084429
**GRIFFIN J. SCHEUMACK**
State Bar No. 24097168
**Burress Law, PLLC**
6617 Virginia Parkway
McKinney, Texas 75071
Tel: (214) 726-0016
Fax: (214) 865-7336
**\*E-Service E-mail:** legal@mytexasfirm.com
**\*E-Service is only accepted at the above designated e-service e-mail address**

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been forwarded to all counsel of record on this 27th day of March, 2023.

## VIA ELECTRONIC SERVICE

Mr. Young Jenkins
Lisa Chastain & Associates
PO Box 655441
Dallas, TX 75265
*E-mail:* dallaslegal@allstate.com
**Attorney for Defendant William Mitchell**

Mr. John W. Breeze
The LeCrone Law Firm
123 North Crockett Street
Suite 200
Sherman, TX 75090
*E-mail:* eservice@lecronelaw.com
**Attorney for Defendant State Farm Mutual Insurance Company**

                _/s/_____
                **JASON K. BURRESS**